# COURT OF COMMON PLEAS OF BALTIMORE CITY.

Filed February 1, 1910.

JOHN F. FLEISHMAN
VS.
JACOB FOREMAN.

*Edwin J. Griffin* for plaintiff.
*Thomas C. Weeks* for defendant.

ELLIOTT, J.—

The dispute in this case is relative to the right to use an alleyway of two feet two inches wide, which runs along the south side of the lot of ground known as 217 S. Eden street, immediately adjoining the north outline of the property known as 219 S. Eden street. The relief is sought by the owner of 219 as against the owner of 217 who has closed up and obstructed a doorway heretofore made in the north wall of 219 in order to permit the owner of that property to use the alley.

If the plaintiff is to succeed in his contention it must be because he has the right to use said alleyway. There is no possible claim that he has against said right by prescription, because until the year 1903 both properties were in the same ownership and the owner of No. 210 S. Eden street did not acquire the property known as No. 210 S. Eden street until the 22d day of October, 1903, nor has lot 219 been expressly given any rights in the alleyway over 217, the only right given the former being the privilege of maintaining an extension over said alleyway, with the use of the south wall of the house No. 217 erected along the north side of said alleyway and the right to build and improve against the said wall above said alley from the second story upwards.

By a provision added to the description to No. 217, that lot is made subject to the privilege granted to lot No. 219.

It must be evident, therefore, that there is no express grant of the use of the bed of the alleyways to lot No. 219.

The attention of the court has been called in argument to cases in which the doctrine of "a way of necessity" has been applied. Those cases and that doctrine have no application here.

The doorway cut through the wall of No. 219, into the alleyway already mentioned, was intended as a matter of convenience and not one of necessity, lot No. 219 has a means of ingress and egress, both front to Eden street and back to an alley seventeen feet wide, and while a right over the alleyway would be to them additional convenience, it is by no means a necessity.

This court is therefore of the opinion that the owner of No. 219 having no right or privilege in the alleyway cannot enforce any such right, nor can he be heard in objection to the closing of the doorway through the wall of his premises into said alley.

The verdict in this court must therefore be for the defendant.